UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-23

SONIA M. GRAHAM                                                                    PLAINTIFF,

v.

CITY OF HOPKINSVILLE, KENTUCKY, *et al.*                              DEFENDANTS.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a Motion to Dismiss (DN 16) by Defendants

Christian County, Kentucky ("Christian County"), and Sheriff Livy Leavell, Jr. ("Sheriff

Leavell"). Plaintiff has filed her response (DN 26), and Defendants have replied (DN 27).

These matters are now ripe for adjudication. For the following reasons, Defendants' Motion to

Dismiss (DN 16) is DENIED in part, with leave to re-file, AND GRANTED in part.

## BACKGROUND

Plaintiff Sonia Graham ("Graham") was a telecommunications officer for the

Hopkinsville/Christian County Emergency Communications Center ("ECC") until she was

terminated from her position in December 2010 (Pl.'s Am. Compl. DN 7). During her tenure at

the ECC, Graham alleges she was subjected to racial discrimination, sexual harassment, and

treated poorly for reporting inappropriate activity to her supervisors (Pl.'s Am. Compl. DN 7).

Graham brings suit against the ECC and her supervisors and co-workers there, as well as the City

of Hopkinsville, Kentucky; Christian County; and ECC board members Hopkinsville Police

Chief Guy Howie, Sheriff Leavell, Fagan Pace, and Chris Patterson, all in their individual and

official capacities as members of the ECC Board. Against the Defendants, Graham seeks

compensatory and punitive damages for alleged violations of Title VII of the Civil Rights Act of

1964 ("Title VII") (42 U.S.C. § 2000e *et seq.*), the Kentucky Civil Rights Act ("KCRA") (K.R.S.

§ 344.010 *et seq.*), 42 U.S.C. § 1983 ("§ 1983"), and 42 U.S.C. § 1985 ("§ 1985").  Graham also

alleges state law claims for retaliation, wrongful termination, breach of contract, outrage

(Kentucky's version of intentional infliction of emotional distress), defamation, criminal

malfeasance, and the criminal falsification of business records.

In their motion to dismiss, Defendants Sheriff Leavell and Christian County ask the Court

to dismiss Christian County as a party to this action.  Defendants argue that Graham has solely

alleged wrongdoing by the ECC and its agents and not Christian County, which they contend is a

separate and distinct legal entity from the county.  Defendants attach in support of their motion

the inter-local agreement that established the ECC. (DN 16-1).  Defendants further request that

the Court dismiss Counts VI and X, which allege claims based on criminal statutes prohibiting

the falsification of business records and malfeasance, respectively, against both Sheriff Leavell

and Christian County.

### STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, the district court must accept all of the allegations in the complaint as true, and

construe the complaint liberally in favor of the plaintiff."  *Lawrence v. Chancery Court of Tenn.*,

188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough

facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  The "[f]actual

allegations in the complaint must be enough to raise a right to relief above the speculative level

on the assumption that all the allegations in the complaint are true."  *Twombly*, 550 U.S. at 555

(internal citation and quotation marks omitted).   A plaintiff must allege sufficient factual

allegations to give the defendant fair notice concerning the nature of the claim and the grounds

upon which it rests.  *Id.*

Furthermore, "a plaintiff's obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do."  *Id.*  A court is not bound to accept "[t]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements."  *Iqbal*, 129 S. Ct. at 1949.

## ANALYSIS

### I.      Christian County as a Party

Generally, if matters outside the pleadings are presented to the Court on a motion to

dismiss under Rule 12(b)(6), the motion must be treated as one for summary judgment under

Rule 56.  Fed. R. Civ. P. 12(d).  Upon such an occurrence, "[a]ll parties must be given a

reasonable opportunity to present all the material that is pertinent to the motion."  *Id.*  "It has been

the longstanding rule that 'where the district court intends to convert the motion, the court should

give the parties notice of the changed status of the motion and thereby provide the parties to the

proceeding the opportunity to present to the court all material made pertinent to such motion by

Rule 56.'" *Fox v. California Franchise Tax Bd.,* No. 11–1037, 2011 WL 4792865, at *2 (10th

Cir. 2011) (quoting *Nichols v. United States,* 796 F.2d 361, 364 (10th Cir. 1986)).  A district

court has broad discretion when deciding whether to convert a motion to dismiss to one for

summary judgment.  *Bruce v. Correctional Medical Services, Inc.,* 389 F. App'x 462, 465 (6th

Cir. 2010).

Here, Christian County has moved to dismiss Graham's claims against it based on its

separate legal status from the ECC.  Because Christian County has attached matters separate

from the pleadings, the Court will convert this portion of Christian County's motion to a motion

for summary judgment.  As such, the Court allows the parties the opportunity for further

discovery on this issue, with leave to refile once such discovery is complete.

## II.       Criminal Law Claims

Next, Plaintiff alleges claims for "Falsification of Business Records" (Count VI) and

"Malfeasance" (Count X) based on violations of state criminal statutes, K.R.S. §§ 517.050 and

61.170, respectively. Defendants point to the general rule under federal jurisprudence that a

private right of action is not maintainable under a criminal statute.  *See Am. Postal Workers*

*Union, Detroit Local v. Indep. Postal Sys.*, 481 F.2d 90 (6th Cir. 1973).  However, civil remedies

for violations of *state* criminal statutes are generally available in Kentucky through K.R.S. §

446.070, which provides, "A person injured by the violation of any statute may recover from the

offender such damages as he sustained by reason of the violation, although a penalty or forfeiture

is imposed for such violation."

Although K.R.S. § 446.070 makes civil remedies available to plaintiffs, these remedies

are not available merely because a defendant has violated a criminal statute.  In other words

K.R.S. § 446.070 gives a right of action "only to persons suffering an injury as a direct and

proximate result [of a violation]; and then only for such damages as they may actually sustain."

*Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 800 (Ky. 2004).  Furthermore, "[i]t follows

that if the defendant was not in the class of persons whose conduct was intended to be regulated

by the statute, the defendant could not violate the statute and KRS 446.070 simply would not

apply."  *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000).

First, the Court notes it was unable to find a single case where a plaintiff brought a civil

action under either of the criminal statutes at issue,[1] and thus it is unclear how a state court

---

[1] K.R.S § 517.050 has been held to give rise to a wrongful discharge claim where an employee is discharged for refusing to falsify business records in violation of the statute.  *See Northeast Health Mgmt, Inc. v. Cotton*, 56 S.W.3d

would apply K.R.S. § 446.070 in this case.  However, even assuming Kentucky courts would

allow maintaining such a cause of action here, Graham has alleged no facts that state a claim

against Sheriff Leavell under either criminal statute.  Under K.R.S § 517.050:

> (1) A person is guilty of falsifying business records when, with intent to defraud, he:
>
> (a) Makes or causes a false entry to be made in the business records of an enterprise; or
>
> (b) Alters, erases, obliterates, deletes, removes or destroys a true entry in the business records of an enterprise; or
>
> (c) Omits to make a true entry in the business records of an enterprise in violation of a duty to do so which he knows to be imposed upon him by law or by the nature of position; or
>
> (d) Prevents the making of a true entry or causes the omission thereof in the business records of an enterprise.

K.R.S. § 517.050 (2012).  Graham alleges no facts indicating Sheriff Leavell violated this

statute.  At most, Graham argues that ECC employees falsified documents, and this fact was

"known by the Board on which Sheriff Leavell sits." (DN 26).  Graham does not allege that

Sheriff Leavell himself even knew about the alleged falsification, much less falsified documents

or caused ECC employees to falsify documents.  Therefore, Graham has not alleged facts

sufficient to state a plausible claim for relief under K.R.S. § 517.050.

K.R.S. § 61.170 addresses the malfeasance or neglect of county officers.  There must be

an official act to convict a public official of malfeasance under the statute.  *Bailey v.*

*Commonwealth*, 790 S.W.2d 233 (Ky. 1990); *see also* K.R.S. § 61.170 (allowing indictment of

certain public officials for "malfeasance in office") (emphasis added).  First, Graham sues

Sheriff Leavell not in his official capacity as *sheriff*, but rather individually and in his capacity as

---

440, 447 (Ky. Ct. App. 2001).  However, Plaintiff does allege she was asked to falsify records and subsequently discharged; rather, she seeks to recover damages for defendants' alleged falsification of documents in her personnel file. (Pl.'s Am. Compl. DN 7, p. 12).

a board member of the ECC, (Pl.'s Am. Compl. DN 7), and thus does not allege any

"malfeasance in office."

Secondly, Graham has pointed to no official act taken or official duty neglected by

Sheriff Leavell even in his official capacity as sheriff.  Graham notes that Sheriff Leavell "knew

full well of the work place hostility, sexual harassment, racial discrimination, and retributive and

retaliatory acts that were practiced" and participated in wrongfully terminating her. (DN 26, pp.

6-7).  Even accepting Graham's allegations as true, Sheriff Leavell's inaction in the face of such

discrimination was not neglecting an official duty.  A county sheriff has no official duty to

prevent workplace discrimination under Title VII, as Title VII is not a criminal statute.  In fact,

Sheriff Leavell does not have the *authority* to enforce Title VII by virtue of his role in law

enforcement.  *See General Ins. Co. v. EEOC*, 491 F.2d 133, 135 (9th Cir. 1974) (State or county

prosecuting attorney does not qualify as a "state of local authority" under Title VII's

enforcement provisions; section requires authorization of a state agency).  Thus, Graham's claim

against Sheriff Leavell for malfeasance in office must also be dismissed.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Defendant's motion to dismiss Plaintiff's claims against Defendant Christian County, Kentucky, is converted to a motion for summary judgment.  Therefore, this motion is DENIED at this time, with leave to refile when additional discovery has occurred.

(2) Defendant's motion to dismiss Plaintiff's claims against Defendant Leavell under state criminal statutes K.R.S. §§ 517.050 and 61.170 are GRANTED.  Therefore, Counts VI and X are DISMISSED as to Defendant Livy Leavell, Jr.

IT IS SO ORDERED.

CC: Counsel