UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-23

SONIA M. GRAHAM                                                                                      PLAINTIFF,

v.

CITY OF HOPKINSVILLE, KENTUCKY, *et al.*                                            DEFENDANTS.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Joint Bill of Costs submitted by Defendants on June 14, 2013. (DN 70.) Plaintiff has responded, objecting to certain costs claimed. (DN 73.) This matter is now ripe for adjudication. For the reasons that follow, Defendants' request is GRANTED.

## BACKGROUND

The factual and procedural underpinnings of this case are more fully described in the Court's Memorandum Opinion on May 15, 2013. (DN 65.) On February 16, 2012, Graham brought suit against the ECC, her supervisors and co-workers, the City of Hopkinsville, Christian County, and ECC board members. Graham sought compensatory and punitive damages for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII") (42 U.S.C. § 2000e *et seq.*), the Kentucky Civil Rights Act ("KCRA") (K.R.S. § 344.010 *et seq.*), 42 U.S.C. § 1983 ("§ 1983"), and 42 U.S.C. § 1985 ("§ 1985"). Graham also advanced state law claims for retaliation, wrongful termination, breach of contract, intentional infliction of emotional distress, defamation, criminal malfeasance, and the criminal falsification of business records. Thereafter, Graham voluntarily dismissed both the City of Hopkinsville and Christian County. In a September 28, 2012, Memorandum Opinion and Order, the Court also granted Sheriff Leavell's Motion to

Dismiss Graham's claims against him for the falsification of business records (Count VI) and malfeasance (Count X). The remaining Defendants then moved for summary judgment pursuant to Fed. R. Civ. P. 56 on Graham's remaining claims against them. (*See* DN 35, 36, & 41.) In its May 15 Opinion, the Court granted Defendants' motions on all counts. (DN 65.) The Court has also denied Graham's request to reconsider that decision in its entirety pursuant to Fed. R. Civ. P. 59. Now before the Court is Defendants' jointly submitted Bill of Costs. (DN 70.)

## STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that a prevailing party is generally allowed to recover costs, other than attorneys' fees. 28 U.S.C. § 1920 specifies what costs may be taxed. Any costs taxed by the Court must be allowed under § 1920 and must be reasonable and necessary in amount. *See BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 417 (6th Cir. 2005), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S.Ct. 1997 (2012). There is a presumption in favor of awarding costs to the prevailing party in accordance with Rule 54(d). *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001); *Ford v. FedEx Supply Chain Servs., Inc.*, 2009 WL 1585849, at *1 (W.D. Tenn. June 3, 2009). The party objecting to the taxation bears the burden of persuading the Court that taxation is improper. *BDT Prods.*, 405 F.3d at 420; *Cooley v. Lincoln Elec. Co.*, 776 F. Supp. 2d 511, 574 (N.D. Ohio 2011).

## DISCUSSION

Defendants jointly seek reimbursement for expenses totaling $4,845.10. Included in this total are costs associated with both stenographic and videotape depositions of Plaintiff, Sonia Graham, and of Angie Graham, a former co-worker of Plaintiff. Plaintiff requests the Court deny

the costs associated with videotaping her deposition and deny all costs associated with the deposition of Angie Graham.

I.  **Defendants' Video Deposition Costs**

Plaintiff first objects to the costs associated with videotaping both her deposition and that of Angie Graham, contending the costs are duplicative of those associated with the stenographic transcripts of the depositions. Although not specifically listing the amount of the objected-to charges, it appears that this objection pertains to $2,255.35 of expenses.[1] Section 1920 allows for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." This Circuit accords with other circuit and district courts in recognizing that video deposition costs are taxable under § 1920 and that both stenographic transcripts and videotaped depositions, together, may be taxed. *See*, *e.g.*, *BDT Prods.*, 405 F.3d at 420 (citing *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997)) (holding that "videotape depositions are taxable under § 1920" and that "it was proper to tax both the cost of videotaping and transcribing the deposition"); *Tilton*, 115 F.3d 1477-78 ("[T]he costs associated with videotaping a deposition are taxable under [§] 1920(2). . . . "[T]he district court did not abuse its discretion in taxing the costs of both the preparation and transcription of the seven videotaped depositions."); *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 978 (S.D. Tex. 2011) (awarding costs for both "videotaped and stenographic versions of the depositions of [eleven witnesses]" under § 1920(2)); *Campbell v. Triad Fin. Corp.*, 2007 WL 4561525 (N.D. Ohio Dec. 21, 2007) (awarding costs for both videotaped depositions and stenographic transcripts of those depositions); *Meredith v. Schreiner Transp., Inc.*, 814 F. Supp. 1004, 1005-06 (D. Kan. 1993)

---

[1] Specifically, the ECC, the Individual Defendants, and the City of Hopkinsville seek reimbursement for $2,000 of expenses related to videotaping the two-day deposition of Plaintiff Sonia Graham and $125.00 related to videotaping Angie Graham's deposition. Christian County requests reimbursement for $130.35 related to videotaping Angie Graham's deposition. (DN 70.)

(same). Furthermore, Plaintiff failed to object to the method of recording at the time the deposition was taken under Fed. R. Civ. Pro. 26(c).

Because the Court does not find the requested costs are unreasonable, and in light of the Sixth Circuit's decision in *BDT Products, Inc. v. Lexmark International, Inc.* and the clear trend among federal courts, the Court will follow the prevailing practice of allowing taxation of both videotaped depositions and stenographic transcripts. Therefore, the Court will OVERRULE Plaintiff's objections to the video deposition expenses claimed by Defendants. *See Hyland v. HomeServices of Am., Inc.*, 2013 WL 1904513 (W.D. Ky. May 7, 2013) (Russell, J.) (awarding costs for both videotaped depositions and stenographic transcripts of those depositions).

**II.     Objections to Defendants' Costs for Angie Graham Deposition**

Plaintiff lastly contends that all expenses associated with the deposition of Angie Graham are unreasonable. From the Court's calculation, these costs represent a figure of $491.00.[2] Angie Graham was a former co-worker of Plaintiff, who testified regarding issues between Plaintiff and another co-worker that resulted in Plaintiff's termination from employment. Plaintiff contends that "[t]he deposition and testimony of Angie Graham would have been irrelevant to the trial at this matter, would not have been competent and probative, and thus would not have been of any benefit to the trier of fact." (DN 73.) For these reasons, Plaintiff requests the Court deny reimbursement of any expenses associated with Angie Graham's deposition.

Although the admission of items into evidence may indicate their necessity, this is not the determining factor and the issue remains as to each item whether they are actually required or

---

[2] In addition to the previously-mentioned $125.00 cost of videotaping, the ECC, Individual Defendants, and City of Hopkinsville also requested reimbursement of the following costs related to Angie Graham's deposition: $85.00 for an original transcript, $140.65 for an appearance fee, and $10.00 for postage. The only expense in this vein for which Christian County seeks reimbursement is the $130.35 related to videotaping Angie Graham's deposition, mentioned above. (DN 70.)

necessary in the trial and determination of the issues. *See Hill v. Gonzalez*, 53 F.R.D. 1, 3 (D. Minn. 1971). Here, any potential objection to the admission of Angie Graham's testimony does not bear on whether the costs of deposing her may be properly reimbursed. Rather, the key inquiry is whether the expenses were reasonable and "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Angie Graham's deposition was taken during the course of discovery and offers insight into Plaintiff's employment history. The Court finds the costs relating to her deposition were reasonably and necessarily obtained for use in the case, and not merely for convenience of counsel.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Joint Bill of Costs is GRANTED. (DN 70.)

Date:

CC: Counsel