UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-23

SONIA M. GRAHAM                                                                                    PLAINTIFF,

v.

CITY OF HOPKINSVILLE, KENTUCKY, *et al.*                                              DEFENDANTS.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Vacate, Alter, or Amend this Court's Judgment pursuant to Federal Rule of Civil Procedure 59. (DN 67.) Defendants have responded, (DN 68 & 69), and Plaintiff has replied. (DN 71 & 72.) This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion to Vacate, Alter, or Amend is DENIED.

## BACKGROUND

The factual and procedural underpinnings of this case are more fully described in the Court's Memorandum Opinion on May 15, 2013. (DN 65.) On February 16, 2012, Graham brought suit against the ECC, her supervisors and co-workers, the City of Hopkinsville, Christian County, and ECC board members. Graham sought compensatory and punitive damages for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII") (42 U.S.C. § 2000e *et seq.*), the Kentucky Civil Rights Act ("KCRA") (K.R.S. § 344.010 *et seq.*), 42 U.S.C. § 1983 ("§ 1983"), and 42 U.S.C. § 1985 ("§ 1985"). Graham also advanced state law claims for retaliation, wrongful termination, breach of contract, intentional infliction of emotional distress, defamation, criminal malfeasance, and the criminal falsification of business records. Thereafter, Graham voluntarily dismissed both the City of Hopkinsville and Christian County. In a September 28,

2012, Memorandum Opinion and Order, the Court also granted Sheriff Leavell's Motion to Dismiss Graham's claims against him for the falsification of business records (Count VI) and malfeasance (Count X). The remaining Defendants then moved for summary judgment pursuant to Fed. R. Civ. P. 56 on Graham's remaining claims against them. (*See* DN 35, 36, & 41.) In its May 15 Opinion, the Court granted Defendants' motions on all counts. (DN 65.) Graham now asks the Court to reconsider its decision in its entirety pursuant to Fed. R. Civ. P. 59.

**STANDARD**

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted). As another district court in this Circuit put it, "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc. v. Branch*, 2010 WL 2836788, at *1 (N.D. Ohio July 20, 2010) (internal quotation marks and citations omitted). Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted on four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Furthermore, because there is an interest

in the finality of a decision, this Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *accord Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

## DISCUSSION

### I. Race Discrimination

Graham first contends the Court clearly erred in applying the burden-shifting framework first announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, after finding there was no direct evidence of discrimination. Graham argues that she was terminated for posting allegedly explicit photos on her Facebook page, arriving late for work, not filling out proper paperwork, and speaking with an ECC board member, but that other employees who committed the same infractions were not terminated. These, she argues, are examples of direct discrimination by Defendants. "[D]irect evidence is that evidence which, if believed, *requires the conclusion* that unlawful discrimination was at least a motivating factor in the employer's actions." *Jacklyn v. Schering-Plough Healthcare Products Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999) (emphasis added). In other words, "direct evidence of discrimination does not require a factfinder to draw any inferences in order to conclude that the challenged employment action was motivated at least in part by prejudice against members of the protected group." *Id.* at 866 (quoting *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000) (noting that "a facially discriminatory employment policy or a corporate decision maker's express statement of a desire to remove employees in the protected group is direct evidence of discriminatory intent")). "[T]he evidence must establish not only that the plaintiff's employer was predisposed to discriminate on the basis

of [national origin], but also that the employer acted on that predisposition." *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004) (alterations in original) (quoting *Hein v. All America Plywood Co.*, 232 F.3d 482, 488 (6th Cir. 2000)). None of the examples of alleged disparate treatment compel the conclusion that discrimination was a motivating factor in the Defendant's actions and, instead, requires the factfinder to draw the inference that Graham was treated differently because of her race. Therefore, the Court's application of the burden-shifting framework under *McDonnell Douglas* was not clear error.

Graham's next alleged point of clear error is that "[i]t appears the court is less than convinced that Graham is Hispanic" and "[a]ny finding that Graham is not Hispanic is clearly erroneous." This mischaracterizes the Court's opinion, as the Court never expressed doubt about Graham's ethnicity. Rather, the Court recounted the Defendants' arguments that Graham failed to prove a prima facie case of race discrimination because she had failed to prove she was Hispanic. Then, because the issue of race discrimination could be resolved on other grounds, the Court declined to enter the fray between Graham and Defendants regarding the proper characterization of Graham's ethnicity. *See* May 15, 2012, Mem. Op., 8, DN 65 (Noting that "[b]ecause Graham's discrimination claims can be otherwise disposed of, the Court declines to rule on this issue" and then conducting an analysis of pretext).

Because it has thoroughly discussed them in its Memorandum Opinion, the Court does not individually address the remainder of Graham's arguments on Count I, which either rehash Graham's original arguments or take issue with the alleged implications of the Court's ruling. Graham maintains the Court's rulings on these issues are clear error, but she fails to elaborate how they constitute clear error. Instead, Graham essentially disagrees with the Court's analysis and attempts to convince the Court a second time why it should rule in her favor. Such does not

satisfy the standard under Rule 59(e). Manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent on the part of the court." *Kelly v. City of Ft. Thomas, Ky.*, 610 F. Supp. 2d 759, 781 (E.D. Ky. 2009) (citing *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)), *reversed in part on other grounds by Sheffield v. City of Ft. Thomas, Ky.*, 620 F.3d 596 (6th Cir. 2010). Again, where "a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc.*, 2010 WL 2836788 at *1. The Court declines to rescind its opinion because Graham disagrees with it.

## II. Sexual Harassment

Graham next asks the Court to reconsider its grant of summary judgment on Count II of her complaint, which alleges sexual harassment. Graham's arguments, consisting of two paragraphs, merely rehash those made in response to Defendants' motions for summary judgment the first time around, and make no reference to any of the four permissible bases for reconsideration outlined by the Sixth Circuit. Again, "it is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted).

## III. Retaliation

Again, Graham's arguments asking the Court to reconsider its grant of summary judgment on her retaliation claim are largely a repetition of her original arguments. Graham also argues that the Court improperly resolved factual ambiguities in Defendants' favor. Certainly, in determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). But "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . .

or showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). A party cannot rely on conjecture or conclusory statements but instead "must be able to show sufficient probative evidence [that] would permit a finding in [his] favor." *Lewis v. Phillip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004) (alterations in original) (internal quotation marks omitted); *see also Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996) ("[T]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment."), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312 (6th Cir. 2012). Graham's arguments on reconsideration suffer from the same defects as her arguments on summary judgment, and rely more on conjecture or counsel's unsupported hypothetical questions than citation to the record or relevant case law.

## IV.    42 U.S.C. § 1983

Graham asks the Court to reconsider its decision with respect to her 42 U.S.C. § 1983 because it should have ruled in her favor on her discrimination claims. Because the Court does not disturb its holding on those grounds, its grant of summary judgment on Graham's § 1983 stands as well.

## V.    Remaining Grounds for Relief

Because Graham's arguments on the remaining counts suffer from the same defects as those discussed above, the Court will not individually address them. Graham requests the Court to amend its judgment regarding her claim for wrongful termination, denial of due process, and breach of contract, her claims alleging falsification of business records, intentional infliction of emotional distress, and defamation, and her request for punitive damages. However, as noted above, Graham merely rehashes her original arguments and takes issue with the Court's decision

without grounding her arguments in any of the four permissible bases for reconsideration. Because Graham has not shown that the "extraordinary relief" afforded under Rule 59(e) is warranted, her motion is denied in all respects. *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Vacate, Alter, or Amend, (DN 67), is DENIED.

IT IS SO ORDERED.

Date:

CC: Counsel